

**Thomas S. Lambert**
850 Main Street
P.O. Box 7006
Bridgeport, CT 06601-7006
p   203 330 2147
f    203 576 8888
tlambert@pullcom.com
www.pullcom.com

April 15, 2022

**VIA ECF and E-MAIL**
Hon. John P. Cronan
United States District Court
Southern District of New York
500 Pearl Street
Room 1320
New York, NY 10007

**Re:    Victoriano Tavarez v. Ultimate Nutrition, Inc. - 21-cv-09887-JPC**

Dear Judge Cronan:

      I write on behalf of the defendant, Ultimate Nutrition, Inc. ("UNI"), in the above-referenced matter to request a stay of discovery in this matter pending a decision on UNI's Motion to Dismiss. Due to the merits of the pending motion, the burden on UNI for the potential hyper-technical discovery required of it, and the lack of prejudice to the plaintiff, Victoriano Tavarez ("the Plaintiff"), a stay of discovery is warranted until the parties receive clarity from this Court as to the legal sufficiency of the Plaintiff's claims.

      The case law on stays of discovery pending dispositive motions is clear. "[U]pon a showing of good cause a district court has considerable discretion to stay discovery pursuant to Fed.R.Civ.P. 26(c)." Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd., 297 F.R.D. 69, 72 (S.D.N.Y. 2013), quoting Integrated Sys. & Power, Inc. v. Honeywell Int'l, Inc., 2009 WL 2777076, at *1 (S.D.N.Y. Sept. 1, 2009); accord Ellington Credit Fund, Ltd. v. Select Portfolio Servs., Inc., 2009 WL 274483, at *1 (S.D.N.Y. Feb. 3, 2009).

      "In some circumstances, a pending motion to dismiss may constitute 'good cause' for a protective order staying discovery." Hong Leong, 297 F.R.D. at 72, citing Brooks v. Macy's, Inc., 2010 WL 5297756, at *1 (S.D.N.Y. Dec. 21, 2010); Picture Patents, LLC v. Terra Holdings LLC, 2008 WL 5099947, at *2 (S.D.N.Y. Dec. 3, 2008). "[A] court determining whether to grant a stay of discovery pending a motion must look to the particular circumstances and posture of each case." Alford v. City of N.Y., 2012 WL 947498, at *1 (E.D.N.Y. Mar. 20, 2012) (citation omitted). Courts consider: "(1) [the] breadth of discovery sought, (2) any prejudice that would result, and (3) the strength of the motion." Brooks, 2010 WL 5297756, at *2 (citation and internal quotation marks omitted); accord Integrated Sys. & Power, Inc., 2009 WL 2777076, at *1. "A stay pending determination of a dispositive motion that potentially eliminates the entire action will neither substantially nor unduly delay the action, should it continue." Rivera v. Heyman, No. 96 Civ. 4489, 1997 WL 86394, at *1 (S.D.N.Y. Feb.27, 1997).

**Pullman & Comley**

Page 2

First, as to the strength of the motion prong, courts in the Southern District have used a standard that, "[w]hile the Court cannot predict the outcome of the pending motion to dismiss," it will find this element to have been met when the pending dispositive motion "appears not to be unfounded in the law." Integrated Sys. & Power, Inc., 2009 WL 2777076, at *1, citing to Niv v. Hilton Hotels Corp., No. 06 Civ. 7839(PKL), 2007 WL 510113, at *1 (S.D.N.Y. Feb. 15, 2007). Without rehashing the merits of the underlying motion once again, UNI believe that its motion "appears not to be unfounded in the law" as multiple courts from this circuit and from circuits across the country have reached a similar conclusion.

As to potential prejudice to the Plaintiff, again this case appears straightforward as there would be none. The decision in Integrated Sys. & Power, Inc. is instructive. In that case, when considering the prejudice prong, the court found that, "because the parties have stipulated to complete the briefing on the motion to dismiss" a month and a half after the decision on the stay was rendered, and because "no discovery requests had yet been served in this case… the stay requested by Defendant will likely delay the commencement of discovery for only a few months, not the 'many months' claimed by Plaintiffs. The short stay requested by Defendant will therefore not prejudice the Plaintiff to any degree." (Internal citations omitted.) Integrated Sys. & Power, Inc., 2009 WL 2777076, at *1.

Here, briefing on the motion to dismiss is already complete. Moreover, no written or other discovery requests have been served by any party on one another. There are no pending notices of deposition or subpoenas. The issues in the pending motion to dismiss are discreet and well developed in case law in both the Second Circuit and across the country, albeit with a split in authority. Thus, there should not be any significant delay in discovery until the parties get more clarity from this Court as to the triable issues, if any. Any stay would be brief, depending on this Court's ability to issue a decision.

Finally, as to the breadth of discovery sought, UNI is not able to assure this Court that discovery would be limited in scope or relatively easy to comply with and/or pursue. While Plaintiffs' counsel may certainly be experienced in this type of litigation, this is UNI's first foray into litigation involving the alleged non-compliance of its website with Title III of the ADA. See Boelter v. Hearst Commc'ns, Inc., No. 15 CIV. 03934 (AT), 2016 WL 361554, at *5 (S.D.N.Y. Jan. 28, 2016) (finding that a stay was warranted based on the breadth of written discovery even when "some of Plaintiff s requests may only require that Defendant reproduce documents it has already produced in similar pending cases, requiring 'minimal cost.'").

No written discovery has been propounded on UNI for it to be able to gauge the breadth of discovery. No deposition noticed with attendant requests for production have been served, either. Even if such discovery were pending, UNI would assume the requests would involve technical or hyper-technical details as to the operation or coding of its website that would require it to obtain information from third parties. See Ema Fin., LLC v. Vystar Corp., 336 F.R.D. 75, 84 (S.D.N.Y. 2020) (concluding "that the discovery sought will impose a significant burden" as it would require "[m]onths of discovery" which "certainly sounds burdensome" and because the discovery sought by the plaintiff includes "obtaining discovery from third parties."). UNI is not in the business of

**PULLMAN &COMLEY**

Page 3

website development or coding, it simply sells products as noted in the Plaintiff's Complaint. Engaging third parties and/or experts to assist in responding to discovery requests, taking depositions on those topics, and pulling together the requested information would not be an easy or straightforward task, or even one that UNI has ever done before.

In summary, each of the factors that courts of this circuit analyze when considering a motion to stay discovery pending a dispositive motion militate in favor of a stay. This matter is teed up for a ruling on the pending motion to dismiss by this Court. If this Court believes that the Plaintiff's claims are viable, discovery may commence without any lengthy delay or prejudice to the Plaintiff. If this Court agrees with UNI in finding that Title III of the ADA does not apply to websites for entities like UNI which do not maintain a physical, public-facing brick and mortar location, then a stay will operate to avoid what would have been unnecessary and potentially costly technical discovery on matters that are, frankly, not within the bailiwick of UNI's day to day operations. Accordingly, UNI respectfully submits that a stay of discovery in this matter is warranted pending a decision on the motion to dismiss.

Thank you for your consideration of this request.

Respectfully submitted,

Thomas S. Lambert

On April 4, 2022, the Court ordered Plaintiff to "oppose [the stay request], if at all, by April 22, 2022."  The Court has not received a letter in opposition.  Having considered "the breadth of discovery sought, the burden of responding to it, the prejudice that would result to the party opposing the stay, and the strength of the pending motion[s] forming the basis of the request for stay," *Republic of Turkey v. Christie's, Inc.*, 316 F. Supp. 3d 675, 677 (S.D.N.Y. 2018), the Court grants Defendant's request for a stay of discovery pending resolution of the its motion to dismiss or until further order of the Court.

SO ORDERED.
Date: April 25, 2022
New York, New York

JOHN P. CRONAN
United States District Judge

ACTIVE/77005.25/TLAMBERT/10262055v1